HONORABLE KYMBERLY K. EVANSON

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CHRISY PALENCIA,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　　　　　Defendant. | NO. 2:24-cv-01751-KKE<br><br>MODEL STIPULATED PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR: FEBRUARY 4, 2025 |

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production by Defendant State Farm Mutual Fire and Casualty Company ("State Farm") of confidential, proprietary, or private information (hereafter referred to collectively as "confidential information") for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

MODEL STIPULATED PROTECTIVE ORDER – 1
NO.: 2:24-cv-01751-KKE

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include but is not limited to: Confidential and/or trade secret sections of claim manuals, standards, guidelines, protocols, handbooks, training materials, or similar documents containing claim handling requirements, practices or guidelines for adjusters.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

Nothing in this Order shall be construed to prohibit, restrict, or require State Farm to obtain an authorization for the retention, use, or disclosure of nonpublic Confidential Information and records as authorized by its Retention Schedules or as reasonably required by federal or state law or regulation, or court order, rule, including, but not limited to, to Medicare authorities if reporting is applicable, to a third-party for analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark), in reporting for rate-making or otherwise, and in paperless electronic claim systems for permissible insurance functions. Nothing in this order shall prevent State Farm from retaining all documents necessary for regulatory compliance activities, nor from producing any documents necessary for regulatory compliance activities.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1    <u>Basic Principles</u>. Plaintiff may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a Plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

MODEL STIPULATED PROTECTIVE ORDER – 2
NO.: 2:24-cv-01751-KKE

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98161-1087
(206) 292-4900; FAX (206) 223-0152

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by State Farm, Plaintiff may disclose any confidential material only to:

(a) Plaintiff's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Parties shall provide signed Acknowledgments with any expert disclosures or at the time of testimony at deposition or trial;

(c) the court, court personnel, and court reporters and their staff;

(d) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by State Farm or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential Material</u>.

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the

MODEL STIPULATED PROTECTIVE ORDER – 3
NO.: 2:24-cv-01751-KKE

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. LCR 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of LCR 5(g)(3)(B), even if it is not the party filing the motion to seal.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. State Farm must take care to limit any such designation to specific material that qualifies under the appropriate standards. State Farm must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    If it comes to State Farm's attention that information or items that it designated for protection do not qualify for protection, State Farm must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a)    <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

MODEL STIPULATED PROTECTIVE ORDER – 4
NO.: 2:24-cv-01751-KKE

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

proceedings), State Farm must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. State Farm may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.

(c) <u>Other tangible items</u>: State Farm must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, State Farm, to the extent practicable, shall identify the protected portion(s). If Plaintiff receives such a designated electronic medium prints or otherwise transfers to another medium any of the information contained on the electronic medium, any resulting document or other medium shall be marked Plaintiff or entity as Confidential material in accordance with subsection 5.2(a) or this subsection.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the State Farm's right to secure protection under this agreement for such material. Upon timely correction of a designation, Plaintiff must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

MODEL STIPULATED PROTECTIVE ORDER – 5
NO.: 2:24-cv-01751-KKE

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

6.1     Timing of Challenges. Plaintiff may challenge a designation of confidentiality at any time. Unless a prompt challenge to a State Farm's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, Plaintiff does not waive her right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, State Farm may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on State Farm. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose Plaintiff to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If Plaintiff is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," she must:

MODEL STIPULATED PROTECTIVE ORDER – 6
NO.: 2:24-cv-01751-KKE

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

1       (a)    promptly notify the State Farm in writing and include a copy of the subpoena or court order;

3       (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

6       (c)    cooperate with respect to all reasonable procedures sought to be pursued by State Farm whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If Plaintiff learns that, by inadvertence or otherwise, Plaintiff has disclosed confidential material to any person or in any circumstance not authorized under this agreement, Plaintiff must immediately (a) notify in writing State Farm of the unauthorized disclosures, (b) use Plaintiff's best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When State Farm gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of Plaintiff are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

MODEL STIPULATED PROTECTIVE ORDER – 7
NO.: 2:24-cv-01751-KKE

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

1  10.  <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

2  Within 60 days after the termination of this action, including all appeals, each Plaintiff
3  must return all confidential material to the producing party, including all copies, extracts and
4  summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.
5  If Plaintiff discloses State Farm's confidential material to experts and consultants, then Plaintiff
6  shall provide written confirmation to the receiving experts and consultants of the termination of
7  this action.

8  The confidentiality obligations imposed by this agreement shall remain in effect until
9  State Farm agrees otherwise in writing or a court orders otherwise.

10

11  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12  DATED:
   <u>s/Brenna Pink Pampena</u>
13  Isaac Ruiz, WSBA #35237
   Brenna Pink Pampena, WSBA #62986
14
   Attorneys for Plaintiff
15

16  DATED:
   <u>s/Michael S. Rogers</u>
17  Michael S. Rogers, WSBA #16423
   Attorneys for Defendant
18

MODEL STIPULATED PROTECTIVE ORDER – 8
NO.: 2:24-cv-01751-KKE

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2   IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any
3   documents in this proceeding shall not, for the purposes of this proceeding or any other federal
4   or state proceeding, constitute a waiver by the producing party of any privilege applicable to
5   those documents, including the attorney-client privilege, attorney work-product protection, or
6   any other privilege or protection recognized by law.

7

8   DATED: February 5, 2025

9

10

11   *[signature: Kymberly K Evanson]*

12   Kymberly K. Evanson
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

MODEL STIPULATED PROTECTIVE ORDER – 9
NO.: 2:24-cv-01751-KKE

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____, 2025, in the case of <u>Palencia v. State Farm Fire & Cas. Co., et. al.</u>, no. 2:24-cv-01751-KKE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Within sixty (60) days of the final determination of this action, I shall provide written confirmation to counsel of record for Plaintiff(s) that documents produced by State Farm (or disclosing the contents of documents) designated by State Farm as "Confidential" ("Confidential Information") have been shredded (if paper) or deleted (if electronic), including the shredding and deletion of all copies, extracts and summaries thereof.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

MODEL STIPULATED PROTECTIVE ORDER – 10
NO.: 2:24-cv-01751-KKE

REED McCLURE
ATTORNEYS AT LAW
FINANCIAL CENTER
1215 FOURTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98161-1087
(206) 292-4900; FAX (206) 223-0152